THE STATE OF CONNECTICUT vs. JOSEPH WARCHOLIK.

Third Judicial District, Bridgeport, October Term, 1907.

BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

A sale of intoxicating liquor by an unlicensed club or its agent to a person who is not a club member, cannot be justified upon the ground that the vendor believed him to be a member.

Whether sales can be made lawfully even to club members, without a license therefor, *quære*.

Submitted on briefs October 29th—decided December 17th, 1907.

INFORMATION for selling liquor on Sunday, brought to the Criminal Court of Common Pleas in New Haven County and tried to the jury before *Wolfe, J.*; verdict and judgment of guilty, and appeal by the accused. *No error*.

The appeal assigns error in the refusal of the court to charge as requested, in the charge as given, and in rulings upon evidence.

*Charles S. Hamilton*, for the appellant (the accused).

*Robert J. Woodruff*, Prosecuting Attorney, and *E. P. Arvine*, for the appellee (the State).

HAMERSLEY, J. The trial court did not err in refusing to charge the jury as requested by the defendant. The requests were not in a form proper for adoption by the court, were inaccurate in the statement of fact, and incorrect in the statement of law.

The accused cannot complain of the charge as given. Upon the trial the State produced testimony that on December 2d, 1906, one Merrill S. Louks and one William L. Rose entered a room in Ansonia equipped with a bar for the sale of liquors, and purchased one glass of whiskey and three glasses of lager-beer of the accused, who was then behind the bar serving drinks to various persons in the room. The accused produced testimony that no in-

toxicating liquor of any kind was sold, either to Louks or to Rose, by the accused or by any one on that occasion, and testimony tending to prove that the room in question was the meeting-room of a corporation organized as a corporation without capital stock under § 3937 of the General Statutes, under the name of "The Russian and Slavonian Liberty Club," for the purpose of maintaining justice and liberty, perpetuating the order on the basis of friendship and justice, and correcting abuses affecting the nationality or citizenship of its members; that the accused was president of this club, and under its authority and for the benefit of the club dispensed liquors, at the time of the purchases as claimed by the State, to the members of the club and to no others. There was no claim that either the corporation or the accused was licensed to sell at this place. The accused claimed as matter of law, that the club, and he as its agent, could lawfully sell liquor without a license, to members of the club, and that if it were proved that he had sold to Louks and Rose, who were not members of the club, he could not be convicted unless the State also proved that he sold to them knowing they were not members. In respect to these claims the court charged the jury as follows : "While it is true that a member of a club, or an agent or servant of the club, can dispense liquors to a fellow-member of the club, the club receiving the income from the sale, no member of the club has a right to sell liquors to one who is not a member."

Assuming that the statute, which positively forbids a sale by an unlicensed person to any one, can be construed as if it expressed an exception in favor of a sale by a club or its agent to a member of the club, it certainly cannot be construed as expressing a further exception in favor of a sale by a club or its agent to any person not a member of the club whom the vendor may believe to be a member. Upon this point the charge of the court was correct. The instruction that an unlicensed club or its agent can lawfully sell liquors to a fellow member for the benefit of the club, was favorable to the defendant, and for this reason

we have no occasion to decide upon its correctness; without intending, however, any implication of opinion that the proposition as advanced by the trial judge can be sustained. In this case the question is purely academic.

The exceptions to the rulings of the court upon the admission of evidence are not well taken, and call for no discussion.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.